[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10870
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00135-SCJ-JFK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAIME ARELLANO-DUQUE,
a.k.a. Hernan Zamora-Gonzalez,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 7, 2019)

Before WILLIAM PRYOR, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Jaime Arellano-Duque appeals his sentence of 173 months of imprisonment

for conspiring to possess at least 50 grams methamphetamine with the intent to distribute. 21 U.S.C. §§ 841(a)(1), 846. Arellano-Duque argues that his above guideline sentence is substantively unreasonable. We affirm.

Arellano-Duque argues that the district court focused singularly on the need to deter future similar conduct in selecting its sentence, but his argument is refuted by the record. During Arellano-Duque's sentencing hearing, the district court stated that "the 3553(a) factors[ were something] that the Court looked at a lot." The district court also stated that a sentence at the high end of Arellano-Duque's recommended sentencing range failed to account for his "prior record" that involved "the same line of what he is here for today," for his decision to reoffend while on supervised release for his 2011 conviction, and for the "seriousness" of his offense. *See* 18 U.S.C. § 3553(a). At a second hearing, the district court reiterated that it was "taking into consideration all the 3553(a) factors," including "the tremendous amount of drugs" (1,335.77 grams of methamphetamine), "the nature and circumstances of the situation" that Arellano-Duque was previously deported "for similar conduct," and the need for deterrence. *See id.*

We cannot say that the district court committed a clear error of judgment in determining that a sentence 22 months above the high end of Arellano-Duque's sentencing range of 121 to 155 months of imprisonment better served the objectives of sentencing. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir.

2

2010) (en banc). After Arellano-Duque entered the United States illegally in 2011, he was convicted for possessing methamphetamine with the intent to distribute and deported in late September 2014. He reentered the United States illegally and distributed methamphetamine in 2016. The district court was entitled to weigh more heavily Arellano-Duque's recidivism, the magnitude of the drugs involved, and the need for deterrence, than it did other sentencing factors. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). Arellano-Duque argues that his prior drug "conviction was factored into his guidelines range sentence," but the district court was entitled to base its variance on factors already accounted for in the enhancement of Arellano-Duque's offense level, *see United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010). Arellano-Duque also argues that the possibility of receiving "additional prison time [were he to] illegal[ly] reent[er] should have been taken into account when considering the deterrent effect of the sentence," but an increased sentence already proved to be an insufficient deterrent to him. Arellano-Duque's sentence of 173 months of imprisonment, which is well below his maximum statutory penalty of imprisonment for life, is reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

We **AFFIRM** Arellano-Duque's sentence.